UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07-CV-84

CERISA L. JONES and
PAUL A. JONES,                                                                           PLAINTIFFS,

v.                                            **OPINION AND ORDER**

BOBBY JOHNSON and
ALAN Q. ZARING,                                                                       DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (Rec. No. 4) filed by the Defendant Alan Q. Zaring. For the following reasons, the Court will GRANT the motion.

**I.     FACTS.**

**A.     The Loan.**

In their Complaint, the Plaintiffs, spouses Cerisa L. and Paul A. Jones, assert that, in March 2004, they borrowed money from Defendant Bobby Johnson. The Plaintiffs assert that Cerisa signed a promissory note in the amount of $70,000 and two mortgages which purported to secure the note with two parcels of real estate owned by the Plaintiffs. The Plaintiffs further assert that Cerisa also signed Paul's name to the note and mortgages.

The Plaintiffs assert that they did not actually receive the full $70,000 because attorney David L. Williams maintained the funds and doled them out to the Plaintiffs at various times. It appears that Williams represented the Plaintiffs at the time. Williams does not represent anyone in this action. The Plaintiffs used the funds in the construction of a commercial building on their property in Franklinton, Kentucky.

The Plaintiffs assert that they were unable to repay Johnson by the September 6, 2004 due date and that Cerisa signed her own signature and Paul's signature to an "agreed note extension," by which Johnson allowed the Plaintiffs until November 30, 2004 to pay the original note in full plus an additional $10,000 as a penalty.

### B. The Henry Circuit Court Civil Action by Johnson against the Plaintiffs.

The Plaintiffs were unable to repay Johnson by the extended due date. On February 11, 2005, Johnson, through his attorney and co-Defendant Alan Q. Zaring, sued the Plaintiffs in Henry Circuit Court. The Plaintiffs assert that, in that action, they conceded they received $50,000 from Johnson. By order dated October 10, 2005, the Henry Circuit Court granted summary judgment for Johnson, finding the Plaintiffs liable to him for $50,000. However, the state court further determined the following with regard to the mortgages:

> This court further Orders that no security interest exists based on the Plaintiff's violation pursuant to KRS 360.100. Specifically in failing to insert the adequate notifications required by statute, no secured interest attached. Also, the inclusion of the $20,000 fee for the loan appears to violate the statute. Pursuant to this, the action is illegal and violates KRS 367.170, the unfair trade practices act section. The court herein finds that the contract is illegal, the mortgage is illegal, and the extension is also illegal. Therefore summary judgment is granted for the fee of $50,000 against Mr. and Mrs. Jones, payable to Mr. Johnson, and no security interest in the property exists.

(Rec. No. 6, Response, Ex. A.).

The first statute referenced by the state court, KRS 360.100, is the state statute governing "high-cost home loans." The other statute referenced by the state court, KRS 367.170, is the Kentucky Consumer Protection Act which prohibits "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce." KRS 367.170(1).

### C. The Plaintiffs' Bankruptcy Action and Discharge.

Within days after the Henry Circuit Court summary judgment ruling, the Plaintiffs filed for Chapter 13 bankruptcy. The Plaintiffs assert that Johnson did not file a proof of claim in the bankruptcy action. On April 20, 2007, the bankruptcy court discharged the Plaintiffs pursuant to 11 U.S.C. § 1328(a).

### D. Zaring's May 10, 2007 Notice of Intent to Exercise KRS 360.100.

On May 10, 2007, Zaring, as counsel for Johnson, sent a letter to the Plaintiffs' counsel in the bankruptcy action stating that Zaring had recently received the Discharge of Debtor After Completion of

2

Chapter 13 Case from the United States Bankruptcy Court, Eastern Division. (Rec. No. 6, Response, Ex. C). Zaring further stated that the letter should serve as notice of Johnson's "intent to exercise KRS 360.100." Zaring is specifically referring to KRS 360.100(4) which permits a lender of a high-cost home loan, when acting in good faith, to bring the loan into compliance with the law under certain conditions. Specifically, KRS 360.100(4) provides, in pertinent part, that:

> A lender of a high-cost home loan who, when acting in good faith, fails to comply with subsection (2) of this section, will not be deemed to have violated this section if the lender establishes that. . .
>
> (b) The compliance failure was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors, and within sixty (60) days after the discovery of the compliance failure, the borrower is notified of the compliance failure, appropriate restitution is made, and whatever adjustments are necessary are made to the loan to either, at the choice of the borrower, make the high-cost home loan satisfy the requirements of subsection (2) of this section or change the terms of the loan in a manner beneficial to the borrower so that the loan will no longer be considered a high-cost home loan subject to the provisions of this section. Examples of a bona fide error include clerical, calculation, computer malfunction and programming, and printing errors.
>
> (c) For purposes of this subsection, "appropriate restitution" means the reimbursement by the lender of any points, fees, interest, or other charges made by the lender and received from the borrower necessary to put the borrower in the same position as he or she would have been had the loan, as adjusted in accordance with paragraphs (a) and (b) of this subsection, been originally made.

In the May 10, 2007 letter to Plaintiffs' counsel, Zaring stated that Johnson discovered the compliance error by way of the Henry Circuit Court's October 10, 2005 summary judgment order which found the loan to be illegal. In the letter Zaring stated that, in compliance with the statute, he was notifying the Plaintiffs of the compliance failure within 60 days of discovering it, not including the pendency of the bankruptcy action. Zaring stated that Johnson offered to make appropriate restitution and whatever adjustments were necessary so that the mortgage would no longer be considered a high cost home loan under KRS 360.100.

3

E.      **Henry Circuit Court Rules that Johnson Cannot Exercise KRS 360.100(4).**

On January 9, 2008, the Henry Circuit Court denied Johnson's Motion to Invoke KRS 360.100(4). (Rec. No. 6, Response, Ex. B). Johnson made the motion on October 29, 2007. In denying the motion, the Henry Circuit Court noted that the Plaintiff had failed to pursue the remedies available through the bankruptcy court including the filing of a proof of claim for the $50,000; the filing of an adversary proceeding in the bankruptcy action seeking to bring the loan into compliance with the law under KRS 360.100(4); or requesting that the bankruptcy court grant relief from the automatic stay for the purpose of returning to the state court to pursue a remedy under KRS 360.100(4) or for the purpose of appealing the Henry Circuit Court's October 10, 2005 order which found the mortgage illegal. (Rec. No. 6, Response, Ex. B).

The Henry Circuit Court denied Johnson's motion to bring the loan into compliance with the law on the basis that Johnson had failed to pursue any of these remedies while the bankruptcy action was still pending and before the final orders of the bankruptcy court discharging the debt based upon Johnson's failure to file a proof of claim. The court determined that it could not allow Johnson to resurrect the mortgage after the bankruptcy discharge because the Plaintiffs and the bankruptcy court had relied upon the fact that there was no security interest for the $50,000 debt. According to the Plaintiffs, Johnson has appealed the Henry Circuit Court Order of January 9, 2008. (Rec. No. 6, Response at 3).

F.      **The Shelby Circuit Court Criminal Action against Cerisa.**

The Plaintiffs assert that, at some point in the midst of the actions in Henry Circuit Court and the Bankruptcy Court, Johnson filed a criminal complaint in the Shelby Circuit Court against Cerisa, alleging two counts of forgery in the second degree. The Plaintiffs assert that the Grand Jury found no probable cause to return an indictment at a hearing on April 12, 2006 but that an indictment was returned in the fall of 2006. The Plaintiffs assert that the Shelby Circuit court dismissed the indictment in October 2006 because of prosecutorial misconduct.

4

The Plaintiffs assert that, at Johnson's insistence, the matter was presented to the grand jury a second time and that, on February 2, 2007, the indictment was again dismissed for prosecutorial misconduct. By letter to Plaintiffs' counsel dated January 5, 2007, Johnson's attorney at the time, Richard Head stated:

> All [Johnson] really wants is his mortgage note and security interest on the property which should have secured his loan to your client. . . I hope we will be able to reach an agreement putting this matter to rest. I am willing, on behalf of Mr. Johnson, to talk to the Commonwealths Attorneys Office and see if they will agree to the resolution along the lines we had previously discussed.

(Rec. No. 1, Complaint, Ex. D).

The Plaintiffs assert that, on December 5, 2007, the forgery matter was presented to a grand jury for a third time and that the grand jury returned a "true no bill."

### G.  This Federal Action by the Plaintiffs against Johnson and Zaring.

In this action, the Plaintiffs assert that Johnson and Zaring have attempted to collect the Plaintiffs' debt to Johnson in violation of the automatic stay provisions of the United States Bankruptcy Code at 11 U.S.C. § 362 and in violation of 11 U.S.C. § 524(a)(2). The Plaintiffs also assert that Zaring violated the Fair Debt Collections Practices Act (the "FDCPA") at 15 U.S.C. §§ 1692d and 1692f.

Finally, the Plaintiffs assert state law claims of abuse of process, malicious prosecution, and intentional infliction of emotion distress. Defendant Zaring now moves the Court, under Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims against him.

### II.  ANALYSIS.

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell*

5

*Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)(internal quotation marks and ellipsis omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65 (internal citations omitted).

In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 1974. In practice, a complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993)(quotations omitted).

A. 11 U.S.C. § 362(a).

In Count One of their Complaint, the Plaintiffs assert a claim under 11 U.S.C. § 362(a) which provides for an automatic stay of acts to collect or recover a claim against the debtor and of acts to enforce any lien against property of the estate during the pendency of a bankruptcy action.

Zaring argues that the Plaintiff has not alleged any facts suggesting that Zaring took any action on behalf of his client during the pendency of the bankruptcy action. The Plaintiffs respond by stating that "[t]he extent of Mr. Zaring's actions will be established during discovery, and it is premature for Mr. Zaring to insist that no facts exist at this time to dismiss Count One against him."

In their Complaint, the Plaintiffs make no allegation that Zaring took any actions to collect the debt from the Plaintiffs or to enforce the mortgages during the pendency of the bankruptcy action. Nor does the Plaintiffs' response to the Motion to Dismiss make any such allegation. Even without discovery, the

Plaintiffs should at least be able to make a direct or inferential allegation that would support their claim under 11 U.S.C. § 362. Because they have made no such allegations, the Plaintiffs' claim under 11 U.S.C. § 362 will be dismissed.

      **B.**      **11 U.S.C. § 524(a)(2).**

In Count Two of their complaint, the Plaintiffs assert that the Defendants violated 11 U.S.C. § 524(a)(2). Subsection 524(a)(2) provides that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

"With respect to discharged debts, this injunction replaces the automatic stay set forth in § 362(a) of actions to pursue collection of debts from the debtor personally." *In re Gunter*, 389 B.R. 67, 71 (Bkrtcy S.D. Ohio 2008). *See also*, *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000) ("Sections 524 and 362 apply to different time periods, of course. Section 362 applies during the automatic stay, whereas § 524(a)(2) applies post-discharge").

In this Circuit, there is no private right of action for damages under 11 U.S.C. § 524(a)(2). "Rather, a debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court." *In re Gunter*, 389 B.R. at 71. *See also Pertuso*, 233 F.3d at 421 ("The obvious purpose [of § 524(a)(2) ] is to enjoin the proscribed conduct-and the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one.").

Accordingly, the Plaintiffs' claim under 11 U.S.C. § 524(a)(2) against Zaring and Johnson will be dismissed without prejudice. Plaintiffs may be able to reassert the claim in the bankruptcy court that issued the discharge in the form of a request that the Defendants be held in contempt of that court's orders.

C.     15 U.S.C. § 1692.

In Count Three of their Complaint, the Plaintiffs assert that Zaring violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Specifically, the Plaintiffs assert that Zaring violated Sections 1692d and 1692f of the FDCPA.

Section 1692d prohibits a debt collector from engaging in conduct, "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The Sixth Circuit has held that the activities prohibited by this provision are those "tactics intended to embarrass, upset, or frighten a debtor." *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006). Although the question of whether conduct harasses, oppresses, or abuses will ordinarily be a question for the jury, "Congress has indicated its desire for the courts to structure the confines of § 1692d." *Id*. (quoting *Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir.1985)). "Courts have therefore dismissed claims filed pursuant to § 1692d as a matter of law if the facts alleged do not have the natural consequence of harassing or abusing a debtor." *Id*.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Zaring argues that the Plaintiffs have not set forth any facts which raise an inference that Zaring violated 15 U.S.C. § 1692d or 1692f. In their response, the Plaintiffs point to the May 10, 2007 letter from Zaring to Plaintiff's counsel and to Zaring's "continuing the prosecution of the Henry Circuit Court action by seeking to cure the illegalities of the mortgage." In other words, the Plaintiffs assert that Zaring violated the FDCPA because he violated 11 U.S.C. § 524(a)(2) by continuing to attempt to collect the debt the Plaintiffs owed Johnson even after the Plaintiffs were discharged in bankruptcy.

This claim brings up a threshold issue that neither party has addressed: whether a debtor can assert a claim under the FDCPA premised upon a violation of the injunction set forth in 11 U.S.C. § 524(a)(2).

Again, a debtor's only remedy for a violation of the post-discharge injunction provided in 11 U.S.C. § 524(a)(2) is to seek a contempt order in the bankruptcy court that issued the discharge.

In *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), the Ninth Circuit held that a debtor could not pursue a FDCPA claim under 15 U.S.C. § 1692f premised upon a violation of Section 524(a)(2). The court noted that a FDCPA claim based on a violation of Section 524 "necessarily entails bankruptcy-laden determinations." *Id*. at 510. "The Bankruptcy Code provides its own remedy for violating § 524, civil contempt under § 105. To permit a simultaneous claim under the FDCPA would allow through the back door what Walls cannot accomplish through the front door – a private right of action. This would circumvent the remedial scheme of the Code." *Id*.

In *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), on the other hand, the Seventh Circuit held that a plaintiff can assert a FDCPA claim premised upon a violation of the automatic stay or discharge injunction, noting the distinction between the contempt remedy in bankruptcy court and a remedy under the FDCPA. Specifically, the court noted that the contempt remedy is only available if the violation is "willful" and allows for both actual and punitive damages while violations of the FDCPA "generally lead to small penalties and never to punitive damages." *Id*. at 728.

The Second Circuit reached yet a third answer on this question in *Yaghobi v. Robinson*, 145 Fed. Appx. 697 (2nd Cir. 2005). There, the court declined to address the issue of whether debtors can maintain a FDCPA claim based on violations of the Bankruptcy Code. *Id*. at 699. Instead, the court determined that, "because the bankruptcy court is the appropriate forum to determine whether a creditor has, in fact, violated a discharge order, a plaintiff debtor who, as in this case, fails to secure such a determination lacks a colorable factual basis to plead an unfair debt collection practice based only on a § 524 violation." *Id*. Accordingly, the court affirmed the district court's dismissal of the plaintiff's complaint.

Here also the Court need not address this issue because, even if plaintiffs can assert a FDCPA claim

9

premised upon a violation of Section 524(a)(2), in this case, the Plaintiffs have not asserted sufficient allegations to state a claim under either Section 1692d or 1692f. Zaring's letter to the Plaintiffs' counsel by which he states his intent to bring the illegal mortgages into compliance with the law and his motion and appeal in the Henry Circuit Court toward that end are not actions that are harassing, oppressing, abusive, unfair or unconscionable under the FDCPA.

Zaring's assertion that he can bring the mortgages into compliance with the law may very well be incorrect under Kentucky law. The Kentucky Court of Appeals will soon determine that issue. However, leaving aside their legal merit, the filing of a single motion in the state court seeking to bring the loans into compliance with Kentucky law and an appeal of the denial of that motion are legitimate actions in a court proceeding. They cannot be said to be harassing, oppressive, abusive, unfair or unconscionable.

The Plaintiffs argue that "any analysis as to whether Mr. Zaring's conduct rises to the level of harassment, oppression or abuse under the FDCPA is premature. . . since discovery in this matter has yet to occur." However, again, even without discovery, the Plaintiffs should at least be able to make a direct or inferential allegation that would support their claim under the FDCPA.

For all these reasons, the Plaintiffs' claims against Zaring under 15 U.S.C. §§ 1692d and 1692f will also be dismissed.

### D.     State Law Claims.

In Counts Four, Five, and Six of their Complaint, the Plaintiffs assert state law claims for abuse of process, malicious prosecution, and intentional infliction of emotional distress. In his Motion to Dismiss, Zaring asserts that these claims relate only to Johnson's alleged attempts to criminally prosecute Cerisa in the Shelby Circuit Court. Zaring argues that Plaintiffs do not allege anywhere that Zaring participated in this activity. In their response, Plaintiffs simply state that "without discovery the extent of Mr. Zaring's actions in connection with the Shelby County criminal actions giving rise to these torts is unknown."

In their Complaint, the Plaintiffs do not allege any actions by Zaring with regard to these state law claims. Instead, they make allegations about only Johnson. In fact, according to the Complaint, Johnson was represented by another attorney during the Shelby County criminal matter. (Rec. No. 1, Complaint, Ex. D). Accordingly, to the extent that the Plaintiffs intended to assert state law claims against Zaring, those claims will be dismissed.

### III.    CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1) The Plaintiffs' claim against Zaring under 11 U.S.C. § 362(a) is DISMISSED with prejudice;

2) The Plaintiffs' claims against Zaring and Johnson under 11 U.S.C. § 524(a)(2) are DISMISSED without prejudice;

3) The Plaintiffs' claims against Zaring under 15 U.S.C. § 1692d and 15 U.S.C. § 1692f are DISMISSED with prejudice; and

4) The Plaintiffs' state law claims against Zaring for abuse of process, malicious prosecution, and intentional infliction of emotional distress are DISMISSED with prejudice.

Dated this 22nd day of September, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge